**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 29 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RANDY GRIFFIN,

      Plaintiff-Appellant,

v.

STEELTEK, INC.,

      Defendant-Appellee.

_____

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Amicus Curiae.

No. 97-5103

---

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 97-CV-136-K)**

---

Steven R. Hickman, Tulsa, Oklahoma, for Plaintiff-Appellant.

William S. Leach, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, Oklahoma, for Defendant-Appellee.

C. Gregory Stewart, General Counsel, J. Ray Terry, Jr., Deputy General Counsel, Gwendolyn Young Reams, Associate General Counsel, Carolyn L. Wheeler, Assistant General Counsel, Paula R. Bruner, Attorney, Equal Opportunity Employment Commission, Washington, D.C., on the brief for Amicus Curiae.

---

Before **BALDOCK**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

**EBEL**, Circuit Judge.

---

This case requires us to determine whether a non-disabled individual has a cause of action under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(d)(2)(A), when as a job applicant he or she is asked questions regarding his or her medical history or condition on an employment application. We conclude that in light of the language of the statute and the purposes of its enactment, a non-disabled job applicant does have such a cause of action. Consequently, we reverse the district court's grant of summary judgment in favor of the employer in this case.

## BACKGROUND

Plaintiff-Appellant Randy Griffin ("Griffin"), a non-disabled individual, applied for a position as a grinder with Defendant-Appellee Steeltek, Inc. ("Steeltek"). Griffin was not hired for the position, allegedly because he did not have the two years of grinding experience required by Steeltek. According to Griffin, he was never told that Steeltek required two years of grinding experience, and in fact was told at the time he applied that he was the best qualified applicant for the position.

After Steeltek declined to hire Griffin, Griffin filed suit in the Northern District of Oklahoma, contending that Steeltek's application process violated the ADA, 42 U.S.C. § 12112(d)(2)(A). That section prohibits employers from asking a job applicant "whether such applicant is an individual with a disability or as to the nature or severity of such disability." Griffin identified two questions on Steeltek's employment application that allegedly violated § 12112(d)(2)(A). The first question asked: "Have you received Worker's Compensation or Disability Income payments? If yes, describe." The second asked: "Have you physical defects which preclude you from performing certain jobs? If yes, describe." In response to the first question, Griffin wrote "3 degree burn to hand & foot, surgery to elbow, spain [sic] in shoulder." He left the answer space blank in response to the second question. Griffin did not contend that he was disabled or that Steeltek perceived him to be disabled. Rather, the sole basis of Griffin's claim was that Steeltek violated the ADA by asking these two questions and then by not hiring him because of his responses to these improper questions. Griffin also advanced evidence in an affidavit that the reason Steeltek said it did not hire him – because he did not have two years of grinding experience – was pretextual. His affidavit stated that he was never told by Steeltek that a set amount of time of prior experience was required for the job, and, in fact, he was told he was the

"most qualified applicant" and "would probably be hired" based upon his experience.

The district court held that "[b]ecause [Griffin] has failed to allege either that he was disabled or perceived as disabled as defined under the ADA, he has not established a prima facie case of disability discrimination." Hence, Steeltek was entitled to summary judgment "as a matter of law."

Because the district court ruled as a matter of law that Griffin had failed to establish a prima facie case because he was neither disabled nor perceived to be disabled, the court never reached the issue of whether Griffin was causally injured by being required to answer the impermissible questions. Additionally, the court did not rule whether Steeltek's proffered reason for not hiring Griffin – that he lacked two years of grinding experience – was pretextual. The district court did observe, however, that "the parties dispute whether this requirement [of two years grinding experience] was ever revealed to [Griffin], or whether the requirement actually existed." By acknowledging that the issue of injury and the bona fides of Steeltek's proffered reasons were in dispute, the district court implicitly acknowledged that summary judgment would not be appropriate at this time on those grounds. Thus, as the case comes before us and as it was ruled upon below, it presents a pure legal question: does a job applicant fail as a matter of law to state a prima facie claim under 42 U.S.C. § 12112(d)(2) of the Americans with

- 4 -

Disabilities Act if the applicant is neither disabled nor perceived to be disabled.

We believe that question has already been answered in the negative in our Circuit

in <u>Roe v. Cheyenne Mountain Conf. Resort, Inc.</u>, 124 F.3d 1221 (10th Cir. 1997),

and that <u>Roe</u> requires us to reverse and remand for further proceedings in this

case.

## DISCUSSION

We review a grant of summary judgment de novo, applying the same

standard under Federal Rule of Civil Procedure 56(c) as the district court.  <u>See</u>

<u>Den Hartog v. Wasatch Academy</u>, 129 F.3d 1076, 1081 (10th Cir. 1997).

Summary judgment is appropriate if there is no genuine issue of material fact and

the moving party is entitled to judgment as a matter of law.  <u>See</u> <u>id.</u>

The ADA section at issue in this case, 42 U.S.C. § 12112(d)(2), states:

**(d)    Medical examinations and inquiries**
. . .
**(2)    Preemployment**
**(A)    Prohibited examination or inquiry**
Except as provided in paragraph (3), a covered entity shall not conduct a medical examination or make inquiries of a job applicant as to whether such applicant is an individual with a disability or as to the nature or severity of such disability.
**(B)    Acceptable inquiry**
A covered entity may make preemployment inquiries into the ability of an applicant to perform job-related functions.

Griffin and the EEOC argue that this section provides all applicants, disabled or not, with a cause of action against employers who include impermissible questions on their employment applications. For the purpose of the motion for summary judgment, we shall assume without deciding that the two questions here at issue would have been impermissible and actionable if directed toward a disabled job applicant.[1] The issue we must decide is whether improper medical questions are actionable under § 12112(d)(2) if asked of a non-disabled applicant.

Although we have never had occasion to analyze § 12112(d)(2), this court was recently called upon to construe § 12112(d)(4), the § 12112(d) subsection prohibiting medical examinations and inquiries of current employees.[2] See Roe v. Cheyenne Mountain Conf. Resort, Inc., 124 F.3d 1221 (10th Cir. 1997). In Roe, defendant employers instituted a broad drug and alcohol testing policy that, inter alia, required employees to report to their supervisors any type of prescription

---

[1] In the appendix to the federal regulations implementing Title I of the ADA, it states, "This provision makes clear that an employer cannot inquire as to whether an individual has a disability at the pre-offer stage of the selection process. Nor can an employer inquire at the pre-offer stage about an applicant's workers' compensation history." 29 C.F.R. Pt. 1630, App. at 362-63 (1998).

[2] 42 U.S.C. § 12112(d)(4)(A) states:

A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

medication they used.  See id. at 1226.  The plaintiff there, who was an employee

of the defendant, claimed that this requirement violated § 12112(d)(4) and was

granted summary judgment.  See id. at 1226-27.

On appeal, the employer contended that plaintiff lacked standing to bring

this claim because she had not shown that she was a disabled individual.  See id.

at 1228.  We rejected this argument, noting that "whether a plaintiff suing under

the ADA comes within the definition of a person with a disability is simply not a

question of standing but of whether an essential element of the claim can be

established."  Id. at 1229.  Plaintiff had standing because she "sufficiently

alleged" each of the elements of standing:  that she had suffered an injury in fact,

that the defendant's conduct caused her injury, and that it was likely a favorable

decision would redress the injury.  See id.  Addressing whether plaintiff had

established an essential element of her claim, we held "plaintiff's ability to

maintain the particular ADA claim she has alleged does not require her to prove

that she is an individual with a disability."  Id.  We continued:

> As the district judge aptly observed, adopting defendant's position
> would defeat the very purpose of prohibiting disability related
> inquiries:  "It makes little sense to require an employee to
> demonstrate that he has a disability to prevent his employer from
> inquiring as to whether or not he has a disability."  We also agree
> with the district court's reasoning that this common sense rejection
> of defendant's argument is consistent with the statutory language:
> > The ADA explicitly prohibits employers from
> > making disability-related inquiries of employees, unless
> > the inquiry is job-related or consistent with business

necessity. 42 U.S.C. § 12112(d)(4)(A). This provision applies to all employees. Unlike suits based on a failure to provide a reasonable accommodation, this provision is not limited to qualified individuals with disabilities. Cf. 42 U.S.C. § 12112(b)(5)(A).

Id. (citation omitted).[3]

Although the Roe panel specifically stated that it was not deciding the issue before us today pertaining to job applicants and § 12112(d)(2), see id. at 1229 n.5, we find that the reasoning articulated in Roe applies equally to § 12112(d)(2). The language of the two statutes is very similar. Section 12112(d)(2) uses the term "job applicant," while § 12112(d)(4) uses the term "employee." It is important that neither section uses the narrower defined term of "qualified individual with a disability," which is the term Congress used in much of § 12112 but chose not to use in § 12112(d)(2) or § 12112(d)(4). Compare 42 U.S.C. §§ 12112(a), 12112(b). The use of terms in §§ 12112(d)(2) & (4) defining a broader class of people than the class specified elsewhere in the ADA (the class of qualified individuals with disabilities) cannot be accidental, and it points inextricably to the broader scope of coverage intended for those two sections.

In addition, the policy of the ADA is to eliminate disability discrimination. See H. Rep. No. 101-485(II), at 22-23 (1990), reprinted in 1990 U.S.C.C.A.N.

---

[3] See Gonzales v. Sandoval County, 2 F. Supp. 2d 1442, 1444 (D. N.M. 1998) ("Plaintiff, however, need not establish disability to state a claim for a prohibited inquiry under the ADA." (citing Roe)).

303, 304 ("The purpose of the ADA is to provide a clear and comprehensive national mandate to end discrimination against individuals with disabilities . . . ."). This policy is best served by allowing all job applicants who are subjected to illegal medical questioning and who are in fact injured thereby to bring a cause of action against offending employers, rather than to limit that right to a narrower subset of applicants who are in fact disabled. The legislative history of the ADA indicates that Congress wished to curtail all questioning that would serve to identify and exclude persons with disabilities from consideration for employment by drafting "a prohibition on pre-offer medical examinations or inquiries," see id. at 72-73, reprinted in 1990 U.S.C.C.A.N. at 355, and allowing non-disabled job applicants who are injured thereby to sue will enhance and enforce the blanket prohibition drafted by Congress. Furthermore, Congress was also concerned with the potential stigmatizing effect of medical inquiries and examinations, noting that individuals with diseases such as cancer "may object merely to being identified, independent of the consequences." See id. at 75, reprinted in 1990 U.S.C.C.A.N. at 357-58. If we were to require individuals to make a showing of disability as part of a prima facie § 12112(d)(2) case, we would in effect be making individuals with disabilities identify themselves as

disabled to prevent potential employers from inquiring whether they have a disability. Such a course makes little sense.[4]

We note that the Fifth Circuit recently held that a non-disabled plaintiff could not proceed with a suit for being asked impermissible medical questions on an employment application. See Armstrong v. Turner Indus., Inc., 141 F.3d 554, 562 (5th Cir. 1998). In that case, however, the court assumed without deciding that a non-disabled plaintiff did have a cause of action under § 12112(d)(2) and went on to determine whether a violation of that section alone constituted a compensable injury. See id. at 559, 561. The Fifth Circuit concluded that the applicant needed to show "some cognizable injury in fact of which the violation is a legal and proximate cause for damages to arise from a single violation." Id. at 562. Because the non-disabled applicant in that case could not show a cognizable injury caused by being asked the impermissible questions, the court concluded that he had failed to show entitlement to damages and affirmed the dismissal of

---

[4] In addition, we give little weight to the fact that the ADA is entitled the "Americans With Disabilities" Act (emphasis added). "[U]nder the general rules of statutory interpretation, the title to a statutory provision is not part of the law itself, although it can be used to interpret an ambiguous statute." Johnston v. Commissioner of Internal Revenue, 114 F.3d 145, 150 (10th Cir. 1997) (quotations omitted). Further, the legislative history of the ADA indicates that the title was not meant to be an exclusive listing of the persons to be covered by the ADA. See H. Rep. No. 101-336(II), at 51 (1990), reprinted in 1990 U.S.C.C.A.N. 303, 333 (noting that the ADA's protection is not limited to "Americans" despite the title).

his suit.  See id. at 562, 564.  However, the court held open the "possibility of

liability based on any injuries legally and proximately caused by such a

violation."  Id. at 562 n.20.  In contrast to Armstrong, in our case Griffin has

sufficiently alleged that he suffered an injury in fact, specifically that Steeltek did

not hire Griffin because of his responses to the impermissible questions, and he

seeks damages and injunctive relief to remedy his injury.  Consequently, we hold

that his suit can go forward.[5]


## CONCLUSION

---

[5]  The dissent suggests that Griffin may not be able to prove injury because the affidavit of Johnny McKnight, Steeltek's plant manager, asserts that the decision not to hire Griffin had nothing to do with any disability he may have had or any perception that he was disabled.  That, however, is not the basis of Griffin's claim.  He does not claim he was injured because of his disability or perception of disability, but rather because of incriminating responses and refusals to respond to questions which the ADA prohibits from being asked.  Hence, that portion of Mr. McKnight's affidavit is simply unresponsive to Griffin's claim.  Mr. McKnight's affidavit goes on to state that Steeltek did not hire Griffin because of his inadequate experience as a grinder.  However, Griffin's affidavit in opposition to the summary judgment motion challenges that proffered reason as pretextual, and the district court acknowledged that was a disputed issue.  Thus, summary judgment cannot be supported at this time on that basis.  It may be that, at trial, Steeltek will be able convincingly to show that its proffered reason was bona fide.  In that case, it will prevail.  All we are holding in this case is that it was error to rule, as the district court did, that a job applicant cannot as a matter of law state a prima facie claim under § 12112(d)(2)(A) of the ADA unless he or she is disabled or perceived to be disabled.  At trial, of course, before the plaintiff can prevail he must prove injury flowing from his or her responses to employment questions which the ADA prohibits from being asked.

- 11 -

A job applicant need not make a showing that he or she is disabled or perceived as having a disability to state a prima facie case under 42 U.S.C. § 12112(d)(2). Consequently, we REVERSE the district court's grant of summary judgment and REMAND for the district court to determine whether the questions on Steeltek's questionnaire violated the ADA's prohibition on medical inquiries, and, if so, whether Griffin is entitled to the relief he seeks.

No. 97-5103, Griffin v. Steeltek, Inc.

**BALDOCK**, Circuit Judge, dissenting.

In its haste to make law, the court loses sight of the procedural posture of this case and holds that the ADA provides a non-disabled job applicant with a cause of action against a prospective employer for violating 42 U.S.C. § 12112(d)(2)(A). Specifically, the court confuses the standard for dismissing a claim under Fed. R. Civ. P. 12(b)(6), with the standard for granting summary judgment under Fed. R. Civ. P. 56. In this case, the wise policy of judicial restraint counsels that we assume the ADA provides Plaintiff with a cause of action despite his lack of disability or perceived disability, and that Plaintiff has established a violation of § 12112(d)(2)(A). Thus, Plaintiff's complaint may withstand a Rule 12(b)(6) motion to dismiss. These assumptions alone, however, are insufficient to withstand Defendant's Rule 56 motion for summary judgment. Whether in some other context the law might afford a non-disabled individual judicial relief for a violation of § 12112(d)(2)(A), Plaintiff in this case has not demonstrated any redressible injury as a result of Defendant's improper questioning. See Court's Op. at 11 n.5 (acknowledging that "before the Plaintiff can prevail he must prove injury flowing from his . . . responses to employment questions which the ADA prohibits"). Accordingly, I would affirm the district

court's grant of summary judgment to Defendant.[1]

In his affidavit in support of Defendant's motion for summary judgment, Johnny McKnight, Steeltek's plant manager, stated:

> The fact that we were not able to offer Mr. Griffin a position with our company had absolutely nothing to do with any disability he may have had or our perception of any disability he may have had. The fact that we were unable to offer him a position of employment was due solely and exclusively to the fact that he had insufficient experience to do the job safely.

Appellant's Appendix at 15. Plaintiff responded by stating that he had "not sued Defendant claiming that Defendant considered Plaintiff disabled or that Plaintiff was disabled. Rather, Plaintiff has sued Defendant for a rank and admitted violation of the [ADA]." Id. at 18. Plaintiff continued: "The bottom line is that Defendant improperly asked Plaintiff about his workers' compensation history in the pre-offer stage of the employment process. Such is a violation of the law and subjects Defendant to liability." Id. at 20.

Based upon the foregoing, Plaintiff in effect admits he has not suffered any

---

[1] Despite this court's contrary assertion, the district court did not acknowledge that the issue of injury was in dispute and that summary judgment would be inappropriate on those grounds. The court never reached that question. Instead, the court held that Plaintiff had not established a prima facie case of disability discrimination because he failed to allege that he was disabled or perceived to be disabled. Griffin v. Steeltek, Inc., 964 F. Supp. 317, 319 (N.D. Okla. 1997). While I would not affirm the district court on the basis of its holding, the law is well established that "we may affirm on any ground supported by the record." Gowan v. United States Dept. of the Air Force, 148 F.3d 1182, 1189 (10th Cir. 1998).

cognizable injury or damage caused by Defendant's ADA violation. Rather, Plaintiff appears to argue that a violation of § 12112(d)(2)(A) necessarily constitutes a compensable injury. In other words, Plaintiff's theory of the case sounds strikingly similar to strict liability. To be sure, Plaintiff alleges in his complaint that he "was denied employment with Defendant by virtue of Defendant's violations of the ADA." Appellant's Appendix at 2. That unsworn allegation, however is insufficient to withstand summary judgment in light of McKnight's unrebutted affidavit that any violation of the ADA had nothing to do with Defendant's decision not to hire Plaintiff.

The court concludes that Plaintiff advanced evidence in his affidavit that Defendant's reason for failing to hire him was pretextual, and thus summary judgment for want of injury is improper. I disagree. While the court does a good job of instructing Plaintiff how to proceed on remand, the fact that Defendant never informed Plaintiff of the precise job requirements does nothing to negate McKnight's affidavit that upon review of Plaintiff's application, Defendant concluded Plaintiff was unqualified for the job. Rule 56 "mandates the entry of summary judgment . . .against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Plaintiff has failed to establish any compensable injury

caused by Defendant's improper questioning.

The court further states that our decision in <u>Roe v. Cheyenne Mountain Conference Resort, Inc.</u>, 124 F.3d 1221 (10th Cir. 1997), requires us to reverse the district court. Court's Op. at 5. I again disagree. First, in <u>Roe</u> the court expressly stated: "We need not and do not decide whether the ADA provides a cause of action to an unsuccessful job applicant who has been subjected to a prohibited inquiry. . . . We hold only that a present employee may sue for injunctive relief from such a prohibited inquiry, as is the case here." <u>Id.</u> at 1229 n.5. Second, I am willing to assume for purposes of this case that the ADA provides a cause of action to any unsuccessful job applicant subjected to a prohibited inquiry. The court may very well be correct when it states the policy of the ADA is "best served by allowing all job applicants who are subjected to illegal medical questioning <u>and who are in fact injured thereby</u> to bring a cause of action against offending employers." Court's Op. at 9 (emphasis added). The record in this case, however, shows beyond a shadow of a doubt that Plaintiff was <u>not</u> injured by Defendant's illegal questioning. Accordingly, I would follow the Fifth Circuit's recent decision in <u>Armstrong v. Turner Indus., Inc.</u>, 141 F.3d 554 (5th Cir. 1998), which is indistinguishable from our case.

In <u>Armstrong</u>, the district court held, as did the district court in our case, that because plaintiff presented no evidence that he was disabled within the

meaning of the ADA, defendant was entitled to summary judgment on the claim that defendant conducted a prohibited medical inquiry under § 12112(d)(2)(A). 950 F. Supp. 162, 167-68 (M.D. La. 1996). On appeal, the Fifth Circuit assumed that the ADA provided plaintiff with a cause of action and that he had established a violation of § 12112(d)(2)(A). The court held, however, that "damages liability under § 12112(d)(2)(A) must be based on something more than a mere violation of that provision. There must be some cognizable injury in fact of which the violation is a legal and proximate cause for damages to arise from a single violation." 141 F.3d at 562. Because the non-disabled applicant in <u>Armstrong</u> could not show that the prospective employer's impermissible medical questions caused him any injury, the Fifth Circuit affirmed the district court's grant of summary judgment to the employer. Likewise, because Plaintiff in this case has not shown that Defendant's impermissible medical questions injured him, I would affirm the district court's grant of summary judgment to Defendant. The ADA cannot reasonably be construed to protect a job applicant, who is neither disabled nor perceived to be disabled, from not being hired for a reason wholly unrelated to any disability or perceived disability. Accordingly, I respectfully dissent.