**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 6 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TOMMY GARRISON,

      Plaintiff-Appellant,

v.

BAKER HUGHES OILFIELD
OPERATIONS, INC. d/b/a Centrilift,
Inc.,

      Defendant-Appellee.

No. 98-5074
(D.C. No. 97-CV-82-H)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff brought this suit under the Americans with Disabilities Act (ADA), complaining that defendant violated the ADA when it withdrew a conditional offer of employment and did not hire him. At trial, plaintiff objected to several of the jury instructions before the case was submitted to the jury. The jury returned a general verdict in favor of defendant on both of plaintiff's claims under the ADA. Plaintiff made post-trial motions for judgment as a matter of law and a new trial, again taking issue with the jury instructions. The district court denied the motions, and this appeal followed. [1]

Plaintiff complains that the jury was incorrectly instructed on his claims under the ADA. He alleged that defendant violated the ADA when it failed to

---

[1]    The notice of appeal states that this appeal is taken from the district court order denying the motions for judgment as a matter of law and a new trial.

> The proper way to appeal rulings on such motions is to appeal from the entry of judgment on the verdict. This type of appeal allows the appellant to challenge all prior nonfinal orders and all rulings that produced the judgment.
>    When a party files a notice of appeal that is technically defective because it designates the appeal as from the denial of a motion for judgment [as a matter of law] or for new trial, we may treat the appeal as taken from the final judgment if the appeal is otherwise proper, the intent to appeal from the final judgment is clear, and the opposing party was not misled or prejudiced.

*Grubb v. FDIC*, 868 F.2d 1151, 1154 n.4 (10th Cir. 1989) (citations omitted).

Thus, we will treat this appeal as taken from the entry of judgment on the jury verdict.

hire him.  He was offered a job conditioned upon his successful completion of a physical examination.  After independent investigation, defendant became aware of several worker compensation claims filed by plaintiff in the past.  Plaintiff claimed that it was discovery of the worker compensation claims that prompted defendant to withdraw its offer of employment, in violation of the ADA. Defendant countered that after the worker compensation claims came to light, it became apparent that plaintiff had made false representations on his medical history form completed as part of the physical examination, and plaintiff's false representations were the reason defendant did not offer him the job.

The trial court instructed the jury on plaintiff's second claim under the ADA as follows:

> AMERICANS WITH DISABILITIES ACT:  CLAIM TWO MEDICAL EXAMINATIONS AND INQUIRIES--ELEMENTS OF THE CLAIM
> Plaintiff can only recover for a violation of the medical examination and inquiry provisions of the Americans with Disabilities Act if Plaintiff first proves that Defendant regarded Plaintiff as having a disability, as defined in earlier instructions.
> Accordingly, you are instructed that in order to recover under this claim, Plaintiff must prove the following elements:
> 1.  Defendant regarded Plaintiff as having a disability;
> 2.  Defendant made Plaintiff an offer of employment conditioned upon Plaintiff's successful completion of a medical examination by Defendant's doctor; and
> 3.  Plaintiff successfully completed the medical examination by Defendant's doctor.

Appellant's App. Vol. I at 76. Plaintiff objected to this instruction before the

case went to the jury and also challenged it in his post-trial motions. In its

order denying the motions, the district court relied on *Griffin v. Steeltek, Inc.*,

964 F. Supp. 317, 319 (N.D. Okla. 1997), in finding that recovery under

42 U.S.C. § 12112(d)(3) requires proof that an employer regards a job applicant

as having a disability. *See* Appellant's App. Vol. I at 100-101. After the district

court entered its order and its judgment became final, this court reversed the

*Griffin* decision, holding that "[a] job applicant need not make a showing that he

or she is disabled or perceived as having a disability to state a prima facie case

under 42 U.S.C. § 12112(d)(2)." *Griffin v. Steeltek*, *Inc.*, 160 F.3d 591, 595 (10th

Cir. 1998), *cert. denied*, 119 S. Ct. 1455 (1999). Following the analysis in

*Griffin*, this holding is equally applicable to claims under § 12112(d)(3). *Cf.*

*Griffin*, 160 F.3d at 593-94 (discussing policy and language supporting holding).

> When a party objects to instructions given at trial, we conduct
> a de novo review to determine whether, as a whole, the instructions
> correctly stated the governing law and provided the jury with an
> ample understanding of the issues and applicable standards.

*Kinser v. Gehl Co.*, 184 F.3d 1259, 1272 (10th Cir. 1999) (quotations omitted).

The instruction that plaintiff challenges, directing that plaintiff must show that

defendant regarded him as having a disability before he can recover under the

ADA, is directly contrary to this court's holding in *Griffin* and is an incorrect

statement of the law. Because the instruction did not correctly state the law,

we must reverse the judgment entered on the jury verdict and remand this case

for a new trial on plaintiff's claim of violation of 42 U.S.C. § 12112(d)(3).        *See*

*Thomas v. Denny's, Inc.*  , 111 F.3d 1506, 1511 (10th Cir. 1997) (reversing and

remanding for new trial based on improper jury instruction).

Defendant argues that the incorrect instruction was harmless error in this

case because plaintiff did not introduce evidence from which the jury could have

returned a verdict in his favor, even if the instruction had correctly stated the law.

*See* Appellee's Br. at 4.  However, the jury delivered a general verdict, answering

in the negative the inquiry whether on claim two the plaintiff had "proven by a

preponderance of the evidence that defendant violated the medical examination

and inquiry provisions of the [ADA]."  Appellant's App. Vol. II at 345-46.

Because this was a general verdict, we cannot say that the jury did not base its

finding on the erroneous instruction.  "[W]here a jury instruction is legally

erroneous, we must reverse if the jury might have based its verdict on the

[erroneous] instruction."    *Coleman v. B-G Maintenance Management of Colo.,*

*Inc.*, 108 F.3d 1199, 1202 (10th Cir. 1997).  The form of the verdict prevents us

from determining whether the erroneous instruction was harmless error in this

case.

The jury was erroneously instructed that plaintiff must prove defendant

regarded him as having a disability to prevail on his claim that defendant violated

the medical examinations and inquiries provisions of the ADA.  Consequently, we must REVERSE the judgment entered on the jury verdict and REMAND the case to the district court for a new trial.

Entered for the Court


Bobby R. Baldock
Circuit Judge