United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 23, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 02-30472

JOSEPH P. FUZY,

Plaintiff-Appellant,

VERSUS

S&B ENGINEERS & CONSTRUCTORS, LTD

Defendant-Appellee.

Appeal from the United States District Court
For the Middle District of Louisiana

Before DeMOSS, and STEWART, Circuit Judges, and FALLON[1], District Judge.

DeMOSS, Circuit Judge:

On or about March 22, 1999, Joseph P. Fuzy applied for a job with S & B Constructors, Ltd. ("S&B") as a pipefitter. Fuzy had extensive experience as a pipefitter but also had a history of injuries to his left knee. However, Fuzy had never been unable to physically perform any job due to his injury nor has a physician ever placed him on a work restriction due to the injury.

---

[1]District Judge of the Eastern District of Louisiana, sitting by designation.

Additionally, Fuzy has never been told by a physician that he is disabled. Fuzy was given a conditional offer of employment from S&B, but was required to satisfactorily complete a physical capacity evaluation and a drug screen performed by a third-party testing service before his offer could be finalized. During the physical examination, Fuzy was asked to complete a medical history form and to perform various physical capacity tests. One test measured Fuzy's ability to lift 100 pounds unassisted, because under the Department of Labor's Dictionary of Occupational Titles, the job of pipefitter is placed in the heavy category with a physical demand level of 100 pounds. Fuzy was only able to lift 92 pounds and subsequently was not hired as a pipefitter.

Fuzy sued S&B claiming that they violated the Americans with Disabilities Act, and a similar Louisiana anti-discrimination law, by denying his application for employment solely on the basis of his failure to satisfy the lifting requirement. S&B moved for summary judgment on both claims, arguing that Fuzy was not "disabled" within the meaning of the ADA and that, even if he did have standing to sue under the ADA, the tests used were permissible because it related to an essential function of the job. The district court granted S&B summary judgment and Fuzy appealed.

This Court reviews a grant of summary judgment *de novo*. *Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 278 (5th Cir. 2001). Summary judgment is only appropriate when the record indicates "no

genuine issue as to any material fact," and when "the moving party is entitled to judgment as a matter of law." Fed, R. Civ. P. 56(c). On appeal, Fuzy only argues that the district court erred in denying his ADA claims under 42 U.S.C. § 12112(b)(6) and under § 12112(d). He therefore waives his other claims including his claims under Louisiana state law. *Yohey v. Collins*, 985 F.2d 222, 224-225 (5th Cir. 1993) (holding that arguments not briefed on appeal are abandoned). Fuzy also does not contest the district court's finding that he is not disabled within the meaning of the ADA, but rather, asserts that it erred in not allowing him to move forward with his claim despite the fact that he is not disabled. Fuzy bases his argument on this Court's decision in *Armstrong v. Turner Indus.*, 141 F.3d 554 (5th Cir. 1998), and on the Tenth Circuit's decision in *Griffin v. Steeltek, Inc.*, 160 F.3d 591 (10th Cir. 1998).[2]

"The ADA prohibits an employer from using qualification standards that screen out a disabled individual or class." *EEOC v. Exxon Corp.*, 203 F.3d 871, 872 (5th Cir. 2000) (citing 42 U.S.C. § 12112(b)(6) (1999)). As Fuzy concedes that he is not disabled, he

---

[2]It is arguable that Fuzy has even waived these arguments. Fuzy's brief only mentions *Griffin* in the request for oral argument and his citations under this argument's heading are scant. Also, Fuzy's original complaint makes no mention, specifically, of §12112(d) and the language used in the complaint almost exactly mirrors the language of §12112(a) and (b). However, in his motion opposing summary judgment, Fuzy cites to *Armstrong* as a defense which arguably indicates that Fuzy was indeed attempting to sue under §12112(d) as well.

3

has no standing to sue under § 12112(b). This leaves Fuzy with only the argument that he may sue under §12112(d) despite the fact that he is not disabled. As to this argument, Fuzy is correct in noting that the Tenth Circuit has recognized that a non-disabled person may still maintain a cause of action under § 12112(d). *Griffin*, 160 F.3d at 594; *see also* **Cossette v. Minnesota Power & Light**, 188 F.3d 964 (8th Cir. 1999); **Fredenburg v. Contra Costa Cty. Dept. of Health Serv.**, 172 F.3d 1176 (9th Cir. 1999). However, this Circuit has yet to reach this issue. In **Armstrong**, a panel of this Court specifically left open the question of whether or not the language of § 12112(d) would permit a non-disabled person from bringing suit. **Armstrong**, 141 F.3d at 558. The Court instead found that, even assuming *arguendo* that such a claim could be brought under § 12112(d)(2)(A), the plaintiff in that case had failed to demonstrate any injury that could be redressed by damages. *Id.* The Court therefore concluded that the plaintiff lacked standing to seek declaratory and injunctive relief and that dismissal was proper "whether or not in some other context a nondisabled individual might be afforded judicial relief in respect to a section 12112(d)(2)(A) violation." *Id.*

Like the Court in **Armstrong**, we also reserve judgement on whether § 12112(d) permits a non-disabled person to bring suit. We do so because, even assuming *arguendo* that Fuzy could bring such a suit, his claim would still fail. S&G presented summary judgment

4

evidence that the 100 pound lifting requirement was job related and Fuzy failed to adequately rebut this evidence. Under §12112(d)(4)(A) and (B), an employer may inquire and make medical examinations if they are shown to be job-related and consistent with business necessity. Therefore, even if this Court assumes, without deciding, that a person who is not disabled may assert a claim against an employer or prospective employer for noncompliance with particular provisions of § 12112, we must still affirm the district court's dismissal because Fuzy has not raised a genuine issue of material fact that the weight lifting test was not a job related function as to the pipefitting job for which he sought employment.

The district court's grant of summary judgment is therefore AFFIRMED.

**AFFIRMED.**