

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2004

# Green v. Joy Cone Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3859

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Green v. Joy Cone Co" (2004). *2004 Decisions.* Paper 398.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/398

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 03-3859

BRENDA GREEN,

Appellant

v.

JOY CONE COMPANY

Appeal from the United States District Court
for the Western District of Pennsylvania
(Civil Action No. 03-cv-02471)
District Judge: Hon. Joy F. Conti

Argued: May 12, 2004

Before: Nygaard, McKee, Chertoff, <u>Circuit Judges</u>.

(Filed: August 12, 2004)

Colleen R. Johnston, Esq. **(Argued)**
Ogg, Cordes, Murphy & Ignelzi
245 Fort Pitt Boulevard
Pittsburgh, PA 15222

Gary F. Lynch, Esq.
36 North Jefferson Street
P.O. Box 7635
New Castle, PA 16107

     *Attorneys for Appellant*

Patrick W. Ritchey, Esq. **(Argued)**
Reed Smith

435 Sixth Avenue
Pittsburgh, PA 15219

      *Attorney for Appellee*

OPINION

McKee, <u>Circuit Judge</u>.

Brenda Green contends that Joy Cone Company ("Joy Cone" or "the Company") made an impermissible pre-employment inquiry under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(d), when it required her to sign a medical release form as part of her employment application. The district court granted summary judgment in favor of Joy Cone. For the reasons discussed below, we conclude that this appeal is patently frivolous and will affirm the district court.

**I**

Green is a non-disabled individual. On February 12, 2001, she applied for employment with Joy Cone. Appx. 17, 19. As part of the employment application, she was required to sign a blank medical release form, which stated:

> I understand that, after an offer of employment is made by Joy Cone Company, or at any time during my employment with the Company, I may be required to submit to and pass a physical examination in accordance with our policy . . . . I further understand and agree that, when requested to do so by the Company, I will execute documents authorizing the Company to obtain, for its internal use, medical records and information pertaining to any physical examination.

Appx. at 19. In addition, the release requires the applicant to list his/her health care

2

provider and physician(s).  If the applicant does not have a regular physician, he/she must list the names of any doctors, clinics, and/or medical facilities at which he/she received treatment within the previous 10 years.  *Id.*  As a matter of policy, Joy Cone does not request an applicant's medical records until the applicant has received an offer of employment.  Appx. 17.  Green did not received a response to her application, and Joy Cone never accessed her medical records.  *Id.*

On March 6, 2001, after waiting all of three weeks, and without ever having been informed that her job application had been rejected, Green filed a charge with the Equal Employment Opportunity Commission ("EEOC"), asserting that the inclusion of the medical release form was a *per se* violation of the ADA.[1]  App. 21.  Not surprisingly, the EEOC dismissed the charge based on its inability to find a statutory violation.  On December 26, 2001, Green filed a class action complaint in the United States District Court for the Western District of Pennsylvania.  Appx. 2.  On August 21, 2003, the district court granted Joy Cone's motion for summary judgment.  Green filed a timely appeal.

## II

Before addressing the "merits" of Green's claim, we must determine whether she

---

[1]During oral argument, when asked about her haste in rushing to the EEOC only three weeks after applying for a job her client had not yet been rejected from, plaintiff's counsel suggested that the statute of limitations had been a consideration. However, the ADA allows a victim of discrimination 300 days from the act of termination to file a charge with the EEOC. *See Watson v. Eastman Kodak Co.,* 235 F.3d 851 (3d Cir. 2000).  We therefore can not help but conclude that counsel's reliance upon the ADA's limitations period was disingenuous at best.

has constitutional standing to sue. In order to have constitutional standing, the plaintiff must establish that: (1) he/she suffered an injury-in-fact; (2) there is a causal nexus between the injury and the conduct complained of; and (3) the injury will likely be redressed by a favorable judicial decision. *Joint Stock Society v. UDV North America, Inc.*, 266 F.3d 164, 175 (3d Cir. 2001) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). We review questions of standing *de novo*. *Hutchins v. I.R.S.*, 67 F.3d 40, 42 (3d Cir. 1995).

The existence of an injury-in-fact may be demonstrated "through actual damage (emotional, pecuniary, or otherwise), or through the presence of a continuing illegal practice to which plaintiff is likely to be subject absent court intervention." *Tice v. Centre Transp. Auth.*, 247 F.3d 506, 519 (3d Cir. 2001). In other words, the injury must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (citations and internal quotation marks omitted). "[A] violation of § 12112(d), without such a showing, presents no 'injury' capable of remedy, and thus affords no basis for suit." *Tice*, 247 F.3d at 519-20 (citations omitted).

Section 12112(d) does provide that, prior to making an offer of employment, an employer cannot "conduct a medical examination or make inquiries of a job applicant as to whether such applicant is an individual with a disability or as to the nature or severity

4

of such disability."[2]  Thus, a violation of § 12112(d) occurs at the moment an employer conducts an improper medical examination or asks an improper disability-related question, regardless of the results or response.  *See, e.g., Griffin v. Steeltek, Inc.*, 160 F.3d 591 (10th Cir. 1998);  *Armstrong v. Turner Industries, Inc.*, 141 F.3d 554 (5th Cir. 1998).

It is uncontested that Joy Cone never attempted to access Green's medical records and there is no evidence that the Company discriminated against her based on any actual or perceived disability.  Appx. 17.  Even assuming *arguendo* that Joy Cone's policy requiring applicants to sign a medical release form as part of its employment application is a *per se* violation of § 12112(d), there is absolutely no cognizable injury to Green.  Rather, any violation was merely technical.  "[T]here is no indication in either the text of the ADA or in its history that a technical violation § 12112(d) was intended to give rise to damages liability."  *Tice*, 247 F.3d at 520.

Green argues that she is entitled to injunctive relief based on Joy Cone's continuing illegal practice.  Although the Company admitted during argument that it continues to include the medical release form as part of its job application, Green is not entitled to seek injunctive relief on behalf of herself or others on this record.  It is, of course, true that an injunction is intended to prevent future violations of plaintiff's rights.

---

[2] However, an employer "may require a medical examination after an offer of employment has been made to a job applicant and prior to the commencement of the employment duties of such applicant, and may condition an offer of employment on the results of such examination . . . ."  § 12112(d).

However, "[t]he plaintiff must show that [he/she] . . . is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct . . . ." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (citations and internal quotation marks omitted). Green's standing to seek injunctive relief therefore depends on whether Joy Cone is likely to access her medical records in the future and discriminate against her based on some actual or perceived disability. She has offered no proof that this injury is about to befall her. In fact, in her haste to file a class action without awaiting a decision on her application for employment, she put herself in a rather bizarre situation where she is arguing about a job rejection that never occurred.

There is no reason to think that Green will apply for another position with Joy Cone in the immediate future, and she does not argue that she will. Nor has she offered anything to show that the Company will change its policy and begin accessing applicants' medical records prior to making offers of employment in violation of § 12112(d). Moreover, Green's medical records would reveal that she is not actually disabled, and there is nothing to suggest the Company's conduct would give rise to a "regarded as" disability claim.

Simply put, despite counsel's apparent drive to litigate, the client has not suffered the injury necessary for the standing that is a condition precedent to this court's

6

jurisdiction under Article III.[3] Therefore, the district court clearly did not err in dismissing her suit.[4]

## III

Based on the forgoing analysis, we will affirm the district court.

---

[3] Green also fails to satisfy the causation and redressability requirements, which are inexorable linked to injury-in-fact.

[4] Because we find that Green does not have standing, we need not address any of the other questions presented in this appeal.