# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2012

No. 11-11060
Summary Calendar

Lyle W. Cayce
Clerk

JASON J. BACHMAN,

Plaintiff–Appellant

v.

PATRICK R. DONAHOE, Post Master General of the United States Postal
Service,

Defendant–Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-1864

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Jason Bachman, proceeding *pro se* and *in forma pauperis*, filed suit against the U.S. Postmaster General, Defendant–Appellee Patrick Donahoe, alleging claims that arose out of the decision by the U.S. Postal Service ("USPS") to terminate Bachman shortly after he was hired. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11060

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In November 2010, Bachman applied to be a Rural Route Carrier for the USPS.  As part of the application process, he completed a standard Medical Assessment Form (the "Form"), on which he answered that he had never been injured on the job.  On the same form, Bachman authorized USPS to obtain his health records to determine suitability for employment.  In signing the Form, he acknowledged that his failure to answer the questions truthfully could result in his termination.  Shortly after USPS hired Bachman, it discovered that he had previously filed two workman's compensation claims; USPS terminated Bachman for failure to disclose these claims on the Form.  The district court, after referring the matter to a magistrate judge, dismissed Bachman's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).  Bachman timely appealed as to the district court's dismissal of his claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

## II.  STANDARD OF REVIEW

District court dismissals pursuant to § 1915(e)(2)(B) are reviewed de novo. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).  "To determine if a complaint fails to state a claim, we apply the same standard of review applicable to dismissals made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and will uphold a dismissal if, taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts."  *Id.* (internal quotation marks omitted).

## III.  DISCUSSION

### A.    ADA Claim

Bachman alleges that USPS violated the ADA, specifically 42 U.S.C. § 12112(d), by inquiring about his past job-related injuries.  While we have reserved the question of whether a person who is not "disabled" under the ADA

2

No. 11-11060

has standing to bring a claim under § 12112(d), *Fuzy v. S&B Eng'rs & Constructors, Ltd.*, 332 F.3d 301, 303 (5th Cir. 2003), we need not reach that question to resolve Bachman's case. The provision that Bachman is suing under, 42 U.S.C. § 12112(d)(4)(A), states:

> A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

Bachman has failed to allege that USPS inquired about any disability of his. The ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12101(1). Prior workman's compensation claims do not fit this statutory definition; therefore, Bachman's ADA claim fails.

## B.    FCRA Claim

Bachman further alleges that USPS violated the FCRA by failing to disclose to him its report obtained about his past workman's compensation claims before taking adverse employment action against him. *See* 15 U.S.C. § 1681b(b)(3)(A). "The FCRA was the product of Congressional concern over abuses in the credit reporting industry." The legislative history of the FCRA reveals that it was crafted to protect an individual from inaccurate or arbitrary information in a consumer report." *St. Paul Guardian Ins. Co. v. Johnson*, 884 F.2d 881, 883 (5th Cir. 1989) (internal quotations and alterations omitted). The FCRA defines a "consumer report" as:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used

or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1). A report about Bachman's previously-filed workman's compensation claims is not a "consumer report" under the FCRA because it does not "bear[] on [his] credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living." *Id.* Therefore, Bachman cannot state a claim under the FCRA.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Bachman's claims.

AFFIRMED.