# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-40757
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2025

Lyle W. Cayce
Clerk

Adam M. Gomez, Jr.,

*Plaintiff—Appellant*,

*versus*

Cameron County,

*Defendant—Appellee*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:22-CV-30

————————————————————

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Before suing an employer under the federal antidiscrimination laws, an employee must first file a charge with the EEOC, then limit his eventual suit to discrimination claims like or related to the allegations in his charge.[1]

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *see also* 29 U.S.C. § 626(d)(1) (Age Discrimination in Employment Act of 1967 (ADEA)); 42 U.S.C.

No. 24-40757

Plaintiff-Appellant Adam Gomez asks us to enlarge this law and allow him to assert new facts and theories untethered to his EEOC charge. We decline the invitation, and AFFIRM the summary dismissal of his case.

Gomez served as chaplain for the Sheriff's Office of Defendant-Appellee Cameron County. In 2021, the County hired a new commissary-management company, which discontinued the practice of using commissary funds to pay the salaries for certain staff positions, including Gomez's. In lieu of being laid off for lack of funding, Gomez asked if he could continue his chaplaincy by assuming a vacant jailer position. But Texas law requires that jailers pass a medical exam,[2] and the record does not show that Gomez satisfied this, or any other statutory licensing requirement to fill a jailer position. On August 13, 2021, the County terminated Gomez's employment due to his "inability to submit a medical clearance for the fitness of duty in the time allotted."

The same month, Gomez contacted the EEOC and completed a preliminary questionnaire where he denied being disabled. He then interviewed with an agency investigator, who drafted a charge asserting age and religious discrimination against the County. The charge's factual basis does not contain information suggesting Gomez was disabled or forced to undergo an unnecessary medical exam. Gomez signed and submitted the charge to the EEOC on November 29, 2021. His charge was "dual-filed" with the Texas Workforce Commission, Civil Rights Division. On December 3, the TWC acknowledged receipt of the charge and indicated it "intend[ed]

---

§ 2000e-5(e)(1), (f)(1) (Title VII of the Civil Rights Act of 1964); 42 U.S.C. § 12117(a) (Americans with Disabilities Act (ADA)).

[2] *See* 37 TEX. ADMIN. CODE § 217.1(b)(11); *see also id.* § 217.9 (providing procedure in the event a licensee refuses to submit to medical or psychological exam).

to Defer Investigation." The EEOC issued a notice of right to sue on December 28, 2021, and Gomez sued the County on March 17, 2022.

Gomez's operative complaint asserts Texas common-law torts and violations of federal antidiscrimination laws, including Title VII, the ADA, the ADEA, and the Family Medical and Leave Act. It further alleges Gomez completed all conditions precedent to suing his employer, though omits the substance of his EEOC/TWC charge. The County moved to dismiss under Rule 12(b)(6), which the magistrate judge[3] granted as to all but one claim—one alleging the County violated the ADA by demanding an unnecessary medical examination.[4] The County then answered the complaint and attached Gomez's charge, averring he'd not administratively exhausted the surviving claim.

More than a year passed. Ten days before the summary-judgment deadline, Gomez sought leave to amend his complaint to "clarif[y] matters relating to the state Labor Code and the ADA for the claims of disability discrimination in light of the Court's order" and "to address how [the County's] . . . unnecessary medical exam violated [his] fundamental constitutional rights under the state constitution."[5] The County responded that amendment was futile because Gomez had not included in his charge

---

[3] The parties consented to proceed before a magistrate judge.

[4] *See* 42 U.S.C. § 12112(d)(4)(A) (prohibiting medical exams "unless such examination . . . is shown to be job-related and consistent with business necessity").

[5] Gomez's proposed amendment includes a claim under the Texas constitution, though his appellate brief cites only to *Marbury v. Madison*, 5 U.S. 137 (1803), as support for the cause of action. If such a claim exists under Texas law, Gomez failed to adequately brief, and thus forfeited, it. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021).

facts related to an unnecessary medical exam.[6] The magistrate judge agreed and denied Gomez leave to amend. The County next moved for summary judgment. Gomez did not meaningfully oppose the motion, and paradoxically asserted in response, "there is not now nor has there ever been a claim under the [ADA.]" With that, the magistrate judge assessed the record evidence, analyzed the ADA claim under the *McDonnell Douglas* rubric,[7] and granted the motion. This appeal followed. Our review is de novo.[8]

Gomez concedes on appeal that he "did not file an EEOC charge based on the ADA." Surrounding this dispositive concession is a variety of arguments, though none saves his case.[9] First, Gomez contends that, because his charge was "deferred to and filed with the Texas Workforce Commission," the charge somehow preserved his surviving claim under the Texas Labor Code. The evidence he cites for the proposition is dubious—after all, the EEOC, not the TWC, investigated and dispatched Gomez's charge. But it is the lack of authority for the argument that is determinative.[10] Texas's antidiscrimination law contains the same exhaustion requirement as

---

[6] *See* Fed. R. Civ. P. 15(a)(2); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile. . . . '[F]utility' . . . mean[s] that the amended complaint would fail to state a claim upon which relief could be granted." (internal citations omitted)).

[7] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

[8] *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010) (identifying de novo standard of review where "district court's denial of leave to amend was based solely on futility"); *GWTP Invs., L.P. v. SES Americom, Inc.*, 497 F.3d 478, 481 (5th Cir. 2007) (identifying de novo standard for dispositive motions).

[9] One of Gomez's appellate issues is whether the magistrate judge erred in granting the County's motion to dismiss. But his brief omits argument or authorities on the issue, so it is forfeited. *United States v. Quintanilla*, 114 F.4th 453, 464 (5th Cir. 2024).

[10] *See Sindhi v. Raina*, 905 F.3d 327, 334 (5th Cir. 2018) ("[A] litigant can waive an argument if he fails to cite authority to support his position.").

the federal statutes, and Gomez offers no authority for the notion that a "dual-filed" charge submitted to the EEOC and TWC provides a blank check for an employee to assert uncharged claims and allegations in litigation.[11]

Second, Gomez argues our holding in *Sanchez v. Standard Brands, Inc.* should be expanded to allow his uncharged ADA claim.[12] *Sanchez* held that procedural technicalities giving rise to differences between a charge and a judicial complaint are remediable, so long as the scope of the judicial complaint corresponds to the scope of the EEOC investigation that could "reasonably be expected to grow out of the charge of discrimination."[13] The problem with Gomez's charge, though, is not one of procedural technicalities; its problem is an absence of factual predicate suggesting the existence of an unnecessary medical examination by the County. This void negates any reasonable expectation that an EEOC (or TWC) investigation would have, or could have, reached the issue with the information Gomez provided.

Third, Gomez argues he should be permitted to proceed because the County had notice of his medical-exam claim. But the charging procedure does not exist to supply notice to an opposing party; rather, it ensures "*no issue* will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance."[14] Allowing Gomez

―――――――――――――――

[11] *See* Tex. Lab. Code § 21.051. Texas's antidiscrimination law contains an exhaustion requirement mirroring that under Title VII and the ADA. *See* Tex. Lab. Code §§ 21.0015, 21.201–202; 40 Tex. Admin. Code § 819.41(a); *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804–05 (Tex. 2010).

[12] 431 F.2d at 463–67.

[13] *Id*. at 464, 466; *see also Hornsby v. Conoco, Inc.*, 777 F.2d 243, 247 (5th Cir. 1985).

[14] *Sanchez*, 431 F.2d at 467 (emphasis added); *Waffle House*, 313 S.W.3d at 805. Gomez's reliance on *Dike v. Columbia Hosp. Corp. of Bay Area* is also misplaced: there, the

to proceed on an uncharged claim would upend this procedural mechanism integral to achieving agency conciliation.

Finally, Gomez intimates the County waived the exhaustion issue and, with exhaustion waived, the claims in his proposed amended complaint were not futile.[15] We don't find waiver because the County challenged exhaustion in its first responsive pleading to the complaint.[16] But the outcome would be no different with waiver because Gomez failed to produce *any* evidence on summary judgment. With nothing to rebut the County's proof that the medical exam was "job-related and consistent with business necessity[,]"[17] the magistrate judge had no choice but to grant the County summary judgment.[18] AFFIRMED.

---

court remanded a summary judgment to assess whether certain uncharged evidence could "reasonably be expected to grow out of" the EEOC's investigation of the charge. No. 24-40058, 2025 WL 315126, at *7 (5th Cir. Jan. 28, 2025) (quoting *Sanchez*, 431 F.2d at 466). *Dike* does not endorse Gomez's blank-check theory.

[15] Administrative exhaustion is not jurisdictional, but a mandatory claim-processing rule that may be waived. *Fort Bend County v. Davis*, 587 U.S. 541, 549–52 (2019).

[16] *See Melgar v. T.B. Butler Publ'g Co.*, 931 F.3d 375, 379 n.3 (5th Cir. 2019).

[17] 42 U.S.C. § 12112(d)(4)(A).

[18] *Fuzy v. S&B Eng'rs & Constructors, Ltd.*, 332 F.3d 301, 303 (5th Cir. 2003); Fed. R. Civ. P. 56(a).