*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 10a0339p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

VELMA SUE BATES; CLAUDIA BIRDYSHAW;
WILLARENE FISHER; MARK LONG; JON
TOUNGETT; CAROLYN WADE; RICHARD
WHITE,

　　　　　　　　*Plaintiffs-Appellees,*

　　　*v.*

DURA AUTOMOTIVE SYSTEMS, INC.,
　　　　　　　　*Defendant-Appellant.*

No. 09-6351

Appeal from the United States District Court
for the Middle District of Tennessee at Columbia.
No. 08-00029—Aleta Arthur Trauger, District Judge.

Argued: October 19, 2010

Decided and Filed: November 3, 2010

Before: MARTIN and McKEAGUE, Circuit Judges; LUDINGTON, District Judge.[*]

_____

**COUNSEL**

**ARGUED:** Robert E. Boston, WALLER LANSDEN DORTCH & DAVIS, LLP,
Nashville, Tennessee, for Appellant. John A. Beam, III, EQUITUS LAW ALLIANCE,
PLLC, Nashville, Tennessee, for Appellees. **ON BRIEF:** Robert E. Boston, Andrew
S. Naylor, WALLER LANSDEN DORTCH & DAVIS, LLP, Nashville, Tennessee, Ben
Boston, BOSTON, HOLT, SOCKWELL & DURHAM, PLLC, Lawrenceburg,
Tennessee, for Appellant. John A. Beam, III, Kristin J. Fecteau, EQUITUS LAW
ALLIANCE, PLLC, Nashville, Tennessee, for Appellees.

_____

[*]The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of
Michigan, sitting by designation.

---

**OPINION**

---

BOYCE F. MARTIN, JR., Circuit Judge.  Plaintiffs-appellees are seven former employees of Dura Automotive Systems who are challenging Dura's drug testing policy under the Americans with Disabilities Act.  In resolving the parties' cross motions for summary judgment, the district court held that an individual need not be disabled to pursue a claim under section 12112(b)(6) of the Act.  The district court certified this issue for interlocutory appeal, which a panel of this Court granted.  We now **REVERSE** the district court's decision and hold that an individual must be disabled to pursue a claim under 42 U.S.C. § 12112(b)(6).

**I.**

As this interlocutory appeal presents a purely legal issue, we will only briefly summarize the relevant facts to provide context.  The Employees are seven individuals who worked at Dura's Lawrenceburg, Tennessee manufacturing facility.  Dura manufactures glass window units for cars, trucks, and busses, and the Employees performed a wide range of jobs at Dura including driving tow motors, assembling windows, painting primer on frames, and trimming and water testing windows.

Dura grew concerned that the Lawrenceburg facility had a higher rate of workplace accidents than comparable plants and suspected that this might be caused by either legal or illegal drug use.  To improve safety, Dura implemented a policy that prohibited employees from using legal prescription drugs if such use adversely affected safety, company property or job performance.  Dura worked with an independent drug testing company to set up a procedure to screen its employees for substances it believed could be dangerous in the workplace.  The resulting policy screened employees for twelve substances including those commonly found in legal prescription drugs such as Xanax, Lortab, and Oxycodone.

Each of the Employees tested positive for one of the twelve prohibited substances.  In each case, the individual had a legal prescription for a drug containing that substance.  Dura gave each of the Employees an opportunity to transition to drugs without the prohibited substances, but refused to consider letters from doctors stating that the Employees' work performance would not be affected by the drugs.  Eventually, Dura terminated the Employees when they continued taking medication with the prohibited substances.

The Employees sued, claiming that Dura's drug testing violates the Americans with Disabilities Act.  In resolving the parties' cross motions for summary judgment, the district court concluded that six of the Employees are not disabled as a matter of law.[1] The district court held that the Employees' claim that Dura's actions constituted an impermissible medical examination is best analyzed under section 12112(b)(6).  The district court denied the Employees' summary judgment motion, finding that there was a disputed issue of material fact as to whether Dura's justification for the drug testing falls within the exception in the Act for testing that is job related and consistent with business necessity.

Dura then moved for clarification, asking the district court to determine whether individuals must be disabled in order to pursue claims under section 12112(b)(6).  The district court affirmed its initial decision that individuals do not need to be disabled to assert claims under section 12112(b)(6), but, recognizing that there is a difference of opinion on this question, certified this issue for interlocutory appeal.  A panel of this Court granted the petition for leave to appeal on the issue of whether an individual must be disabled to pursue a claim under section 12112(b)(6) of the Act.

---

[1] The district court held that there is a question of fact as to whether one of the Employees, Willarene Fisher, qualifies as disabled because of a "record of disability."  However, because this appeal only involves issues relating to a non-disabled individual's ability to challenge Dura's policy, this opinion assumes that none of the Employees are disabled, and does not separately analyze Fisher's claims.

**II.**

**A.      Standard of Review**

Because this is an interlocutory appeal, we cannot review the district court's findings of fact and must consider only pure questions of law. *Nw. Ohio Adm'rs, Inc. v. Walcher & Fox, Inc.*, 270 F.3d 1018, 1023 (6th Cir. 2001). We review the district court's conclusions of law *de novo. Id.*

**B.      The Text of Section 12112**

Section 12112 of the Act prohibits discrimination against a "qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a) (2006).[2] In pertinent part, this section provides:

> (a)      General Rule
> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual . . .
> (b)      Construction
> As used in subsection (a) of this section, the term "discriminate" includes . . .
> . . .
> (6)      using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard, test or other selection criteria, as used by the covered entity, is shown to be job-related for the position in question and is consistent with business necessity . . . .

*Id.* § 12112.

Although non-disabled individuals may bring claims under some provisions of the Act, the plain text of subsection (b)(6) only covers individuals with disabilities. The text of subsection (a) and (b)(6) specifically refers to "qualified individual[s] with disabilit[ies]," and not, as discussed below, a broader class of individuals such as

---

[2]The 2008 amendments to the Act are inapplicable to this case as we have held that they do not apply retroactively. *Milholland v. Sumner Cnty. Bd. of Educ.*, 569 F.3d 562, 565 (6th Cir. 2009).

"employees." *See id.* § 12112(a), (b)(6). We endeavor to "read statutes and regulations with an eye to their straightforward and commonsense meanings." *Henry Ford Health Sys. v. Shalala*, 233 F.3d 907, 910 (6th Cir. 2000). "When we can discern an unambiguous and plain meaning from the language of a statute, our task is at an end." *Bartlik v. U.S. Dep't of Labor*, 62 F.3d 163, 166 (6th Cir. 1995). A straightforward reading of this statute compels the conclusion that only a "qualified individual with a disability" is protected from the prohibited form of discrimination described in subsection (b)(6)—the use of qualification standards and other tests that tend to screen out disabled individuals. This interpretation is consistent with the Fifth Circuit's holding that individuals who are not disabled cannot pursue claims under section 12112(b). *Fuzzy v. S&B Eng'rs & Constructors, Ltd.*, 332 F.3d 301, 303 (5th Cir. 2003).

Although the Employees argue that subsection (b)(6) should be read in conjunction with subsection (d)(4), we do not believe that is necessary in light of the clarity of subsection (b)(6). As the Supreme Court has noted, "when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992). "The plain meaning of legislation should be conclusive, except in rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242 (1989) (internal quotation omitted). Although other sections of the Act apply to non-disabled individuals, the Act's primary purpose is to prevent discrimination against disabled individuals. Therefore, reading the plain text of section 12112(b)(6) to only cover disabled individuals is not an absurd construction or inconsistent with the intent of the statute.

Additionally, requiring that an individual be disabled to pursue claims under section 12112(b)(6) gives effect to Congress's choice of language. When Congress uses different language in different parts of the same act, we endeavor to give effect to that different language. *See Rodriguez v. United States*, 480 U.S. 522, 525 (1987). In contrast to the language used in subsection (d)(4), subsection (b) does not use the word

"employee," but the narrower term, "qualified individual with a disability." *See* 42 U.S.C. § 12112(b), (d)(4)(A).[3] This suggests that Congress intended subsection (b)(6) to be more limited than subsection (d)(4) and not broadly cover all employees, which may include non-disabled individuals. Although we do not decide the issue at this time because it is not part of the certified question, we note that several courts have held that non-disabled individuals can pursue claims under section 12112(d)(4). *E.g.*, *Cossette v. Minn. Power & Light*, 188 F.3d 964, 969-70 (8th Cir. 1999); *Fredenburg v. Contra Costa Cnty. Dep't of Health Servs.*, 172 F.3d 1176, 1182 (9th Cir. 1999); *Griffin v. Steeltek, Inc.*, 160 F.3d 591, 594 (10th Cir. 1998); *Wice v. Gen. Motors Corp.*, No. 07-10662, 2008 WL 5235996, at *2 (E.D. Mich. Dec. 15, 2008); *see also Boies v. Capital Area Cmty. Servs., Inc.*, 188 F.3d 506, 1999 WL 618085, at *5 (6th Cir. 1999) (unpublished table decision) (declining to determine whether an individual must have a disability to pursue a claim under section 12112(d)). Interpreting subsection (b)(6) as being limited to individuals with disabilities better gives effect to Congress's decision not to use the word "employees" in this subsection. Therefore, because the plain text of the statute requires that an individual bringing such a claim be disabled, and this interpretation is not "demonstrably at odds" with Congress's intent, the plain meaning controls.

### III.

The district court also held that the Employees had not asserted claims cognizable under section 12112(d)(4) of the Act, challenging Dura's drug testing policy as an improper "medical examination or inquiry." The Employees challenge this ruling in their appellate brief. This ruling, however, was not certified for interlocutory appeal.

---

[3] In pertinent part, subsection (d)(4) provides:

> A covered entity shall not require a medical examination and shall not make inquiries of an *employee* as to whether such *employee* is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

42 U.S.C. § 12112(d)(4)(A) (emphasis added).

The doctrine of pendent appellate jurisdiction allows an appellate court, in its discretion, to exercise jurisdiction over issues that are not independently appealable, but are "inextricably intertwined" with matters over which the appellate court properly and independently has jurisdiction. *Chambers v. Ohio Dep't of Human Servs.*, 145 F.3d 793, 797 (6th Cir. 1998). However, the "inextricably intertwined" requirement is not meant to be loosely applied as a matter of discretion. *Id.* Rather, the "inextricably intertwined" requirement is satisfied only if the resolution of the properly appealable issue "necessarily and unavoidably" decides the non-appealable issue. *Wedgewood Ltd. P'ship I v. Twp. of Liberty*, 610 F.3d 340, 348 (6th Cir. 2010). "A pendent appellate claim can be regarded as 'inextricably intertwined' with a properly reviewable claim only if the pendent claim is 'coterminous with, or subsumed in, the claim before the court on interlocutory appeal.'" *O'Bryan v. Holy See*, 556 F.3d 361, 378 n.7 (6th Cir. 2009) (quoting *Chambers*, 145 F.3d at 797).

As the Employees have not demonstrated that the district court's ruling on their putative claims under section 12112(d)(4) is inextricably intertwined with the certified issue, we decline to exercise pendent appellate jurisdiction and express no opinion as to that part of the district court's decision.

**IV.**

For the reasons set forth above, we **REVERSE** the district court's decision that non-disabled individuals can pursue claims under section 12112(b)(6) of the Act. On remand, the district court shall dismiss the claims of the non-disabled Plaintiffs under section 12112(b)(6) of the Act.