*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 12a0303p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

PARK WEST GALLERIES, INC.,
　　　　　　　　*Plaintiff-Appellee*,

　　　*v.*

No. 11-1175

BRUCE HOCHMAN; FINE ART REGISTRY;
SALVADOR DALI GALLERY, INC.,

　　　　　　　　*Defendants*,

THERESA FRANKS; GLOBAL FINE ART
REGISTRY, LLC; DAVID CHARLES PHILLIPS,
　　　　　　　　*Defendants-Appellants*.

_____

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
Nos. 2:08-cv-12274; 2:08-cv-12247—Lawrence P. Zatkoff, District Judge.

Decided and Filed: September 5, 2012

Before: MOORE, GIBBONS, and ALARCÓN, Circuit Judges.[*]

_____

### COUNSEL

**ON BRIEF:** Donald L. Payton, KAUFMAN, PAYTON & CHAPA, Farmington Hills, Michigan, for Appellants. Rodger D. Young, Terry Milne Osgood, Jaye Quadrozzi, YOUNG & SUSSER, P.C., Southfield, Michigan, for Appellee.

　　　GIBBONS, J., delivered the opinion of the court in which ALARCÓN, J., joined, and MOORE, J., joined only in the judgment. MOORE, J. (pp. 15–16), delivered a separate opinion concurring in the judgment.

---

[*]The Honorable Arthur L. Alarcón, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

1

---

**OPINION**

---

JULIA SMITH GIBBONS, Circuit Judge.   Defendants-appellants Theresa Franks, Global Fine Art Registry, LLC, and David Charles Phillips appeal the district court's denial of their motion to reinstate the jury verdict.  Defendants-appellants filed the motion after the district court granted the motion for a new trial filed by Park West Galleries, Inc. ("Park West").  In denying the motion, the district court found that it was unclear whether this court's waiver doctrine as enunciated in *Jones v. Illinois Central Railroad Co.*, 617 F.3d 843 (6th Cir. 2010), extended to requests for a new trial brought under Federal Rule of Civil Procedure 59.  The district court certified for interlocutory appeal the issue of whether Park West waived its right to a Rule 59(a) motion for a new trial by failing to move for a mistrial, before the case was submitted to the jury, on the basis of the known misconduct in which Franks and counsel for defendants engaged during the course of the entire trial.  For the following reasons, we conclude that Park West's failure to move for a mistrial based on misconduct occurring during the trial did not waive its right to seek a new trial under Federal Rule of Civil Procedure 59, and we affirm the district court's order denying the motion to reinstate the jury verdict.

I.

Park West is an independently owned gallery and art dealer headquartered in Southfield, Michigan.  Park West sells art from its Southfield gallery, over the internet, through its catalog, and over the phone, and also conducts art auctions in different cities in North America and on cruise ships around the world.  Among the works sold by Park West are works by Salvador Dalí.

In May 2007, Theresa Franks, who is the CEO of Global Fine Art Registry ("GFAR"), began publishing articles on  Fine Art Registry ("FAR"), the website run by GFAR, which alleged that Park West engaged in suspect business practices in running its auctions aboard cruise ships and that Park West sold inauthentic or fake works of art

to unsuspecting customers—particularly citing the works by Dalí as an example. David Phillips, a FAR employee, authored several of the articles published on the FAR website which described alleged cruise ship art auction scams run by Park West and conducted several interviews with alleged victims, all of which were published on the FAR website. Bruce Hochman, who runs the Salvador Dalí Gallery, agreed to be interviewed and quoted by Phillips on behalf of FAR regarding his view that the Dalí prints purchased by Park West customers in the auctions at sea did not contain authentic artist signatures.

In April 2008, Park West filed a complaint in Michigan state court against Franks, Hochman, and GFAR alleging defamation, tortious interference, interference with prospective business advantage, and civil conspiracy to destroy Park West's goodwill and reputation. The action was removed to federal court. Park West had also filed a similar defamation case against Phillips, and the cases were consolidated.

The consolidated case was tried before a jury between March 15, 2010 and April 19, 2010. During trial, Park West frequently objected to what it viewed as misconduct on the part of Franks and counsel for the defendants. The district court gave several warnings to defense counsel regarding the misconduct and sanctioned Franks's defense counsel Jonathan Schwartz for his failure to honor the court's rulings regarding improper lines of questioning. Despite the repeated instances of misconduct, Park West did not request a mistrial and the case was submitted to the jury on April 19. On April 21, the jury returned a verdict in favor of defendants Franks, Phillips, Hochman, and GFAR on the defamation, tortious interference with business expectancies, and civil conspiracy claims. However, the jury did not find in favor of the defendants on their counterclaims of defamation, tortious interference with business expectancies, and conspiracy to tortiously interfere with business expectancies. Nonetheless, the jury did find in favor of defendant GFAR on its Lanham Act counterclaim against Park West and awarded $500,000.00 in damages.

On May 11, 2010, Park West filed a motion for judgment as a matter of law and/or for a new trial. Park West's motion requested several forms of post-trial relief, including a new trial under Federal Rule of Civil Procedure 59 on Park West's

defamation, tortious interference with business expectancies, and civil conspiracy claims as well as GFAR's counterclaim for a violation of the Lanham Act.  Park West argued that the district court should set aside the verdict and grant a new trial in light of the "persistent and insidious misconduct of the defendants and their counsel [which] deprived Park West of a fair trial, and caused the jury to reach a seriously erroneous result that is against the weight of the (admissible) evidence."  Park West argued that Franks and defense counsel persistently violated the district court's orders resolving the motions *in limine* and the district court's evidentiary rulings, and that defense counsel made inappropriate and inflammatory remarks throughout trial, posed improper and objectionable questions to witnesses, and failed to control their clients.

On August 16, 2010, the district court found that Franks and counsel for the defendants engaged in contumacious conduct.  After considering the factors enumerated in *City of Cleveland v. Peter Kiewet Sons' Co.*, 624 F.2d 749, 756 (6th Cir. 1980), for determining whether there is a reasonable probability that the jury's verdict was influenced by the improper conduct and a grant of the motion for a new trial is therefore warranted, the district court decided that the misconduct engaged in by Franks and defense counsel was serious enough and permeated the entire trial to such an extent that there was at least a reasonable probability that the verdict was influenced by the misconduct.  The district court granted Park West's motion for a new trial as to GFAR, Franks, and Phillips.[1]

On October 7, 2010, GFAR, Franks, and Phillips (collectively, the "defendants") filed a Motion to Reinstate the Unanimous Jury Verdict, Based Upon the Recent 6th Circuit Published Decision in *Jones v. Illinois Central Railroad Company*, 617 F.3d 843 (6th Cir. 2010).[2]  The defendants' motion to reinstate argued that under *Jones*, Park West waived its right to seek a new trial when it failed to seek a mistrial before the jury

---

[1] Park West and Hochman subsequently settled and on October 28, 2010, pursuant to the parties' stipulation and Federal Rule of Appellate Procedure 42(b), we dismissed both Park West's appeal of the denial of the Rule 59(a) motion for a new trial as to Hochman and Hochman's cross-appeal.

[2] *Jones* was decided on August 24, 2010, which was just over a week after the district court granted Park West's motion for a new trial.

rendered its verdict despite the fact that the alleged misconduct or instances of potential or actual prejudice were known to Park West prior to jury deliberations. As a result, the defendants requested that the district court grant them relief by reversing its decision to grant a new trial and reinstating the jury's verdict in light of *Jones*.

The district court denied the motion to reinstate on December 8, 2010. The district court considered whether *Jones*, which involved a Rule 60 motion, should be read to create a broad waiver rule encompassing the case where a party fails to move for a mistrial when the misconduct was known to the party prior to jury deliberations. The district court concluded that *Jones* did not create such a broad waiver rule, because it found that the opinion "clearly and expressly rested its analysis and holding on the plaintiff's Rule 60 motion." Because Park West moved for a new trial under Rule 59(a), the district court declined to extend the waiver rule from *Jones* to Park West's motion for a new trial. However, the district court stayed the proceedings and certified its decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). We granted permission to appeal the issue of "whether the plaintiff waived its right to seek a new trial under Federal Rule of Civil Procedure 59 based on misconduct occurring during the trial by failing to move for a mistrial before the case was submitted to the jury."

## II.

On interlocutory appeal, we do not review the district court's findings of fact, and instead "consider only pure questions of law." *Bates v. Dura Auto. Sys., Inc.*, 625 F.3d 283, 285 (6th Cir. 2010). We review district court's conclusions of law *de novo*. *Id.*

## III.

The defendants argue that the district court improperly ordered a new trial and erred in denying their motion to reinstate the jury verdict because Park West waived its right to a new trial by failing to request a mistrial based on known misconduct at trial before the case was submitted to the jury. They contend that *Jones* demonstrates that a party waives its right to a new trial when it fails to seek a mistrial before the jury renders

its verdict. We disagree and conclude that *Jones* does not extend to motions for a new trial made pursuant to Rule 59.

A.

Pursuant to Federal Rule of Civil Procedure 59, "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party . . . (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . . " Fed. R. Civ. P. 59(a)(1). Motions for a new trial "must be filed no later than twenty-eight days after the entry of judgment." Fed. R. Civ. P. 59(b). A district court may also order a new trial on its own for "any reason that would justify granting one on a party's motion." Fed. R. Civ. P. 59(d). We have explained that the "governing principle" in the district court's consideration of a motion for a new trial "is whether, in the judgment of the trial judge, such course is required in order to prevent an injustice; and where an injustice will otherwise result, the trial judge has the duty as well as the power to order a new trial." *Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir. 1990) (internal quotation marks omitted).

*Jones* involved a negligence action that stemmed from a collision between a fertilizer spreader driven by Keith Jones and an Illinois Central Railroad Company train. *Jones*, 617 F.3d at 845. The jury returned a verdict finding both parties 50% at fault. *Id.* at 846. Theresa Jones, who brought the action individually and on behalf of her husband, then filed post-trial motions to, among other things, vacate the judgment and grant a new trial based on alleged misconduct by Illinois Central and its defense counsel. *Id.* at 849, 851. Among the claims asserted in her motion to vacate the judgment and grant a new trial under Rule 60(b)(3) and 60(d)(3) on grounds of misconduct, Jones alleged that defense counsel engaged in several forms of misconduct during trial, including instructing a witness not to reveal that defense counsel asked him to appear in court and paid for the witness's hotel room. *Id.* at 849–50. The district court denied Jones's motions on the grounds that the misconduct that occurred at trial was adequately remedied by the court and did not cause Jones to suffer prejudice. *Id.* at 850.

We found that Jones waived relief under Rule 60 because she failed to move for a mistrial before the jury returned its verdict. *Id.* at 851–52. We noted that Rule 60 was not intended to provide relief from consequences of deliberate decisions after subsequent events reveal the decisions to have been unwise and then observed that the waiver doctrine has been applied "in circumstances similar to those in this case." *Id.* at 851. To demonstrate this precedent, we cited *Morton Butler Timber Co. v. United States*, 91 F.3d 884 (6th Cir. 1937), where the landowners' request for a new trial based on alleged government attorney misconduct was denied in part because the landowners failed to move for a mistrial, and *Carter v. Tennessee*, 18 F.2d 850 (6th Cir. 1927), a criminal case, where a defendant waived his argument for a new trial because he did not ask for a mistrial prior to judgment. *Id.* at 851. Because Jones also did not request a mistrial, we found that she waived her right to Rule 60 relief. *Id.* Of particular note was the fact that Jones had "instead requested and received a curative instruction and the opportunity to read [the witness's] deposition testimony to the jury." *Id.* at 852. As a result, we found that Jones had "bet on the jury and lost" and could not now be "permitted to seek a new trial on the basis of potential prejudice that was apparent during trial," particularly given the fact that she "had ample reason and opportunity to seek corrective action in the form of a mistrial before the jury returned its verdict" but chose not to. *Id.*

### B.

As an initial matter, *Jones* involved a motion for a new trial brought under Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3), and not a motion for a new trial pursuant to Rule 59(a). 617 F.3d at 851. This distinction matters. A timely motion brought under Rule 59 will "destroy[] the finality of judgment." 12-59 Moore's Federal Practice § 59.12[1] (3d ed. 2012). Unlike Rule 59, Rule 60 provides relief from final judgment.[3] *See* Fed. R. Civ. P. 60(b), (c)(2) ("The motion does not affect the judgment's

---

[3]The defendants argue that the rationale for granting a Rule 59(a) motion for a new trial is "subsumed within [*sic*] Rule 60 rationale, which gives much more leeway for granting a new trial than 59(a)." Thus, the defendants contend, if the waiver rule applies to Rule 60 motions, it must also apply to Rule 59 motions. However, because a Rule 59 motion may be granted for any reason for which a new trial has previously been granted in an action at law in federal court, instead of only the enumerated reasons

finality or suspend its operation."), (d); *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) ("The inherent power to vacate orders prior to entry of final judgment is implicitly recognized in Rule 59 . . . and is distinct from the power explicitly granted by Rule 60 to reopen cases well after final judgment has been entered."). As a result, relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation" in a way that Rule 59 relief is not. *See Doe v. Lexington-Fayette Urban Cnty. Gov't*, 407 F.3d 755, 760 (6th Cir. 2005) (internal quotation marks omitted). Similarly, relief under Rule 60(d), which does not contain the one-year time limit applicable to motions under Rule 60(b), is reserved for "cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 46 (1998) (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944)). Thus, as noted in *Jones*, Rule 60 does not provide relief from the consequences of a deliberate choice, even if subsequent events reveal the choice to have been unwise. *Jones*, 617 F.3d at 851; *Cacevic v. City of Hazel Park*, 226 F.3d 483, 491 (6th Cir. 2000). However, the public policy concerns that drive Rule 60, and the adoption of a waiver rule in *Jones*, do not invariably apply with equal force to Rule 59. Rule 59 imposes a lower standard for relief, and does not implicate finality concerns to the same degree, since such a motion must be brought within twenty-eight days after the entry of judgment.

*Jones*'s citations to *Carter* and *Morton Butler Timber*—which predated the adoption of the Federal Rules of Civil Procedure in 1938, and involve distinguishable

in Rule 60, the "standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). Further, relief under Rule 60(b) is circumscribed by the interests in finality and the termination of litigation. *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007). Therefore, while several of the grounds for relief that may provide the basis for a Rule 59 motion may also serve as grounds for relief from a final judgment under Rule 60, the two rules are governed by different standards and have been interpreted differently. It is inaccurate to say that one subsumes the other. *See* 12-59 Moore's Federal Practice-Civil § 59.05[7][b] ("[T]hese rules serve different purposes and produce different consequences.").

contexts—do little to strengthen the defendants' argument that *Jones* should apply broadly to include motions for a new trial brought under Rule 59.[4]

*Carter* involved a criminal trial where the defendant argued that the prosecutor committed misconduct by making an improper closing argument. *Carter*, 18 F.2d at 853. The alleged misconduct and the actions taken by the trial court in response were not in the record on appeal, but we found that the evidence was sufficient to support a guilty verdict for voluntary manslaughter and that "in the absence of a showing to the contrary," it is assumed that the trial court carried out its duty "to immediately interfere sua sponte, reprimand the offending counsel, and admonish the jury . . . ." *Id.* Since the general rule is that an improper argument by a prosecutor is not a ground for reversal where the jury is specifically told to disregard it, and it must be assumed that the court did "reprove counsel" and provide proper instructions to the jury, we found that any prejudice that could not be removed by the jury instruction was "waived by the failure of the defendant to move for a mistrial." *Id.* Despite our conclusion that the potential prejudice had to be assumed to have been remedied, we also stated that by failing to move for a mistrial and consenting to the continuance of trial, the plaintiff took "his chance of a favorable verdict, and if the verdict be 'guilty' [he should not] then [be allowed to] assert it was founded to a material extent upon misconduct of counsel." *Id.* Although in *Carter* we applied a waiver rule to a criminal defendant who failed to move for a mistrial, *Carter*'s relevance is diminished because it is a criminal case involving a different procedural context.

In *Morton Butler Timber*, a condemnation case, the appellant landowners argued that they were entitled to a new trial in part due to the alleged misconduct of the government attorneys in cross-examining some of the appellants' witnesses. 91 F.2d at 889–90. After reviewing the record, we found that the trial judge had properly excluded

---

[4]The defendants also argue that *Clarksville-Montgomery County School System v. United States Gypsum Co.*, 925 F.2d 993 (6th Cir. 1991), supports their position. However, *Clarksville-Montgomery* did not turn on waiver. Although the opinion does set forth Clarksville's counsel's specific statement that Clarksville was not going to ask for a mistrial, even though a witness for the defendant had violated the court's sequestration rule, we affirmed the denial of the motion for a new trial on the grounds that Clarksville failed to demonstrate that it was prejudiced because the district court's actions sufficiently remedied any prejudice that resulted from the improper testimony. *Id.* at 1002–03.

the evidence complained of and that the conduct complained of was not sufficiently pronounced or persistent to prejudice the jury. *Id.* at 890. Although we found that the landowners suffered no prejudice and thus that the motion for a new trial was correctly denied, we noted, arguably in *dicta*, that "[f]urthermore, we think the point was waived by failure of the appellants to move for a mistrial." *Id.* The defendants' reliance on *Morton Butler Timber* for the proposition that it established a general rule requiring a motion for a mistrial is misplaced, since the heart of the case dealt with the no-prejudice finding.

Although the defendants argue that "the holding in *Jones* . . . and its distinguishing of *City of Cleveland* establishes that the waiver doctrine applies to a party's request for a new trial, even under FRCP 59," *Jones* clearly distinguishes *City of Cleveland* based on the absence of a request for relief under Rule 60. In *City of Cleveland*, we found the district court erred in not granting a new trial due to misconduct on the part of the City's counsel, which included frequent "improper and prejudicial references" to the size and international character of the defendant corporation and the amount of insurance coverage carried by the defendant. 624 F.2d at 757–58. The defendant corporation raised objections to the comments and the district court gave curative instructions to the jury. *Id.* at 758. We granted the defendant's request for a new trial because the misconduct was pervasive and the instructions were not sufficient to dispel the prejudice. *Id.* at 760.

In *Jones*, we noted that although the defendant corporation in *City of Cleveland* never moved for a mistrial, we granted a new trial to the defendant corporation. 617 F.3d at 852. The *Jones* court distinguished the situation in *City of Cleveland* by noting that "the City never challenged the propriety of granting Rule 60 relief despite the losing party's failure to seek a mistrial. Had we faced that argument in *City of Cleveland*, we would have been bound to apply our clear precedent from *Morton Butler Timber Co.* and *Carter* . . . ." *Id.* The defendants argue that this discussion of *City of Cleveland* demonstrates that the same rule applies to Rule 59 motions for a new trial. However, they fail to acknowledge that the *Jones* court specifically states that *City of*

*Cleveland* involved no challenge to "the propriety of granting *Rule 60* relief . . . ." *Id.* (emphasis added). On its face, *Jones* does not directly implicate Rule 59 motions for a new trial, and its efforts to distinguish *City of Cleveland* say nothing about the availability of relief under Rule 59. Further, *City of Cleveland* provides even less support to the defendants than *Jones*, because there no party challenged the grant of relief based on the failure to move for a mistrial.

The defendants also argue that several circuits have adopted a similar waiver rule governing requests for a new trial whereby a motion for a mistrial must precede a motion for a new trial based on misconduct known to the moving party before the case is submitted to the jury. However, contrary to the defendants' assertions, much of the persuasive precedent focuses on the failure to make *either* an objection *or* a motion for a mistrial, suggesting that either would be sufficient to preserve the right to a new trial on a motion for a new trial under Rule 59. *See*, *e.g.*, *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 962 (10th Cir. 1993) (focusing on failure to make contemporaneous objection and citing *Computer Systems Engineering, Inc. v. Qantel Corp.*, 740 F.2d 59, 64 (1st Cir. 1984), for proposition that the failure to object or to move for a mistrial bars consideration of a challenge to an improper closing argument); *Nissho-Iwai Co. v. Occidental Crude Sales, Inc.*, 848 F.2d 613, 619 (5th Cir. 1988) ("Nissho failed to object to Occidental's tactics either at the time of the argument or at a sidebar conference . . . . Nissho did not move for a mistrial before the case was submitted to the jury. . . . Not until its strategy failed did Nissho register its first complaint about Occidental's closing argument."); *Computer Sys. Eng'g, Inc. v. Qantel Corp.*, 740 F.2d 59, 69 (1st Cir. 1984) ("Qantel's failure to object to the argument at trial *or* to move for a mistrial bars it from urging the improper argument as grounds for a new trial after the jury returned its verdict.") (emphasis added).

Further, at least with respect to motions for a new trial based on improper closing arguments, the Eighth Circuit has adopted the clear rule that "[a] party need not object to an offensive argument *and* move for a mistrial in order to preserve the right to bring a motion for a new trial." *Harrison v. Purdy Bros. Trucking Co.*, 312 F.3d 346, 353

(8th Cir. 2002). This rule is implied by the First Circuit's decision in *Computer Systems Engineering*, 740 F.2d at 69. Indeed, the general rule appears to be that a proper objection to known misconduct at trial is sufficient to preserve the right to later move for a mistrial under Rule 59. *See* 12-59 Moore's Federal Practice § 59.13[2][c][ii] ("As with all misconduct cases, the party misconduct must be prejudicial and a timely objection is required to support a motion for a new trial."). This court has also cited *Computer Systems Engineering* and *Nissho-Iwai Co.* approvingly to support the proposition that, in a civil action, a motion for a new trial will not be granted on grounds not called to the attention of the court during the trial itself unless failing to grant a new trial would result in a gross injustice. *United States v. Walton*, 909 F.2d 915, 924 (6th Cir. 1990) (holding that district court properly denied defendant's motion for a new trial based on tax filing status when issue was raised for the first time in reply to government's response to the defendant's motion for a new trial and no gross injustice would occur because defendant had access to the documents regarding filing status before trial started).

We also find that declining to import the waiver rule from *Jones* into the Rule 59 context is more consistent with our precedent where we have declined to impose an objection requirement in order for a party to preserve the right to relief in the form of a new trial. We have previously considered an appeal from the denial of a defendant's motion for a new trial premised in part on a claim that the plaintiff made an improper closing argument, where the plaintiff argued that the defendant waived the argument by failing to object to the closing argument at trial. *Clark v. Chrysler Corp.*, 436 F.3d 594, 609 & n.19 (6th Cir. 2006) (*Clark II*). In *Clark II*, the defendant, Chrysler, had filed a motion for judgment as a matter of law which the district court had denied at the end of the plaintiff's case, but moved for a new trial under Rule 59 only after the jury returned its verdict. *Clark II*, 436 F.3d at 597; *see also Clark v. Chrysler Corp.*, 310 F.3d 461, 466 (6th Cir. 2002) (*Clark I*). This court reached the merits of the motion for a new trial and found that a new trial was not warranted. *Clark II*, 436 F.3d at 609–10. In reaching the merits of the new trial motion, we rejected Clark's argument that Chrysler waived its argument regarding the closing argument by failing to object at trial, stating that "[i]n

the Sixth Circuit, if 'counsel's closing argument is improper, and if there is a reasonable probability that the verdict of [the] jury has been influenced by such conduct, it should be set aside,' even if opposing counsel failed to object." *Id.* at 609 n.19 (quoting *Strickland v. Owens Corning*, 142 F.3d 353, 358 (6th Cir. 1998)).[5] In *Owens Corning*, we similarly found that the defendant did not waive its right to appeal and request a new trial based on allegedly improper remarks made during closing argument, even though the defendant did not contemporaneously object or request a curative instruction at trial. 142 F.3d at 358. Given that we have, in certain circumstances, declined to impose an objection requirement on penalty of waiving the right to relief in the form of a new trial, it would be inconsistent to impose a requirement that a party make a motion for a mistrial in order to preserve such relief.

Our conclusion that *Jones* should not be extended to the situation presented by this case is reaffirmed by the fact that, here, the district court could have granted a new trial to Park West *sua sponte* and in fact expressed its inclination to do so. We have stated that a district court considering a Rule 59 motion must be guided by the principle that "where an injustice will otherwise result, the trial judge has the duty as well as the power to order a new trial." *United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 508 (6th Cir. 2008) (internal quotation marks omitted). The Supreme Court has described "the authority of trial judges to grant new trials" under Rule 59(a) as "large." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 433 (1996). Rule 59(d) grants the district court the power to order a new trial "on its own . . . for any reason that would justify granting [a new trial] on a party's motion." Fed. R. Civ. P. 59(d). Importing the waiver rule from *Jones* and the Rule 60 context would be contrary to the structure and spirit of Rule 59, which provides district courts with the discretion to grant new trials in the interest of justice.

---

[5]Nonetheless, we did note that the degree of prejudice required to obtain a new trial on appeal is higher in the absence of objections at trial. *Clark II*, 436 F.3d at 609 n.19.

IV.

For the foregoing reasons, we hold that the waiver rule set forth in *Jones* does not extend to Rule 59 motions for a new trial, and affirm the district court's judgment.

---

**CONCURRING IN THE JUDGMENT**

---

KAREN NELSON MOORE, Circuit Judge, concurring in the judgment. While I concur in affirming the district court's judgment, I write separately to express my views as to the proper grounds for reaching this result. I do not believe it is necessary to reach the question of waiver and the application of *Jones v. Illinois Central Railroad Co.*, 617 F.3d 843 (6th Cir. 2010), in this instance.

This Circuit has previously recognized that "waiver is a prudential rule, not a jurisdictional one." *Vistein v. Am. Registry of Radiologic Technologists*, 342 F. App'x 113, 124 n.3 (6th Cir. 2009) (unpublished opinion) (quoting *United States v. Martin*, 438 F.3d 621, 627 (6th Cir. 2006)) (internal quotation marks omitted). "We have generally considered the following factors in determining whether to exercise our discretion to adjudicate the merits of an issue that has been waived: 1) whether the question is one of law or one that requires some factual development, 2) whether the proper resolution of the issue is clear beyond doubt, 3) whether the failure to take up the issue will result in a miscarriage of justice, and 4) the parties' right to have their issues considered by both a district judge and an appellate court." *Id.* (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552-53 (6th Cir. 2008)).

The question before us is undoubtedly one of law: whether the prejudicial conduct of defense counsel was so severe and pervasive as to warrant granting Park West's request for a new trial. The answer to this question is clear, and failure to resolve it would result in an affirmative miscarriage of justice. As the district court identified in its opinion of August 16, 2010, the misconduct by defense counsel in this case "was frequent, highly prejudicial, and permeated the trial proceedings." *Park West Galleries, Inc. v. Global Fine Art Registry, LLC*, 732 F. Supp. 2d 727, 754 (E.D. Mich. 2010). Indeed, the conduct was so extreme that the district court concluded not even curative instructions could have remedied its prejudicial effect and, for that reason, held that Park West's "failure to object and/or request a curative instruction" in the face of each

instance of misconduct did "not constitute a sufficient basis for the [district court] to deny [Park West's] motion for a new trial." *Id.* at 755.  This is the precise scenario in which, regardless of waiver, a court should intervene to ensure that the interests of justice are served.

Affirming the district court's judgment in this instance is also consistent with the expansive nature of the district court's power under Rule 59.  It is well established that a district court has "ample power to prevent what he [or she] considers to be a miscarriage of justice" pursuant to Rule 59 by invoking the Rule 59(e) power to order a new trial sua sponte. *See* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2803 (2d ed. 2012).  We generally defer to the exercise of that power, reviewing it only for abuse of discretion. *See id.*; *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 552 (6th Cir. 2012).  Although the district court did not purport to exercise explicitly such power in this instance, the district court certainly suggested that it would have been so inclined had Park West not made motion for this specific relief. *See Park West Galleries*, 732 F. Supp. 2d at 749-51.  Because of the pervasiveness of the misconduct present in this case, I would not hesitate to affirm the exercise of the district court's discretion in this regard.

Based on the foregoing, I conclude that we need not decide the question of waiver because, regardless, the interests of justice require that we affirm the district court's grant of Park West's motion for a new trial.  Accordingly, I concur in the judgment.